UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Richard Strain and David Garner**<br><br>Plaintiffs,<br><br>v.<br><br>**Southwest Airlines Co.,**<br><br>Defendant. | CIVIL ACTION NO. 2:24-cv-8885-SJB-SLT |

**DEFENDANT SOUTHWEST AIRLINES CO.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARD....................................................................................................2

III. ARGUMENT .................................................................................................................3

    A.  The Court Committed Clear Error by Not Applying the *Rogers* Test. .....................3

    B.  The Court Erroneously Relied on Allegations Not Pled in the Complaint. .............6

    C.  Denying Southwest's Motion Based on Plaintiffs' Allegation That They Are Manual Workers Under the NYLL is Clear Error. ............................................6

    D.  The Court Overlooked State Law Supporting Southwest's Pay Frequency. ...........9

IV. CONCLUSION..............................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anzures v. Maredin Rest. Corp.*,
  No. 22-2798, 2024 WL 1376812 (E.D.N.Y. Jan. 24, 2024) ........................................................9

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
  450 U.S. 728 (1981) ...................................................................................................................1

*Beh v. Cmty. Care Companions Inc.*,
  No. 19-1417, 2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021) .......................................................9

*Best v. Schneider*,
  No. 12-6142, 2015 WL 13824726 (E.D.N.Y. Nov. 6, 2015) .....................................................2

*Coley v. Vannguard Urb. Improvement Ass'n, Inc.*,
  No. 12-5565, 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018), *as amended* (Mar.
  29, 2018) ....................................................................................................................................5

*Cooke v. Frank Brunckhorst Co., LLC*,
  734 F. Supp 3d 206 (E.D.N.Y. 2024) ................................................................................6, 7, 9

*Cuzco v. Orion Builders, Inc.*,
  262 F.R.D. 325 (S.D.N.Y. 2009) ...............................................................................................7

*Dellate v. Great Neck Union Free Sch. Dist.*,
  No. 09-2567, 2010 WL 3924863 (E.D.N.Y. Sept. 30, 2010), *aff'd sub nom.*,
  448 F. App'x 164 (2d Cir. 2012), *as amended* (Jan. 24, 2012) .................................................6

*Hernandez v. La Cazuela de Mari Rest., Inc.*,
  No. 06-1565, 2007 WL 9719347 (E.D.N.Y. Mar. 2, 2007) .......................................................7

*ImageProcessing Techs., LLC v. Canon Inc.*,
  No. 10-3867, 2012 WL 253097 (E.D.N.Y. Jan. 26, 2012) ........................................................3

*McDonald v. H&M Fashion USA Inc.*,
  No. 24-2476, 2025 WL 744014 (S.D.N.Y. Mar. 6, 2025) ................................................4, 7, 9

*Mir v. Shah*,
  569 F. App'x 48 (2d Cir. 2014) .................................................................................................3

*Mississippi Band of Choctaw Indians v. Holyfield*,
  490 U.S. 30 (1989) .....................................................................................................................7

*Pineda v. Big City Realty Mgmt., LLC*,
  No. 22-5428, 2024 WL 5146068 (E.D.N.Y. Dec. 17, 2024) .....................................................8

*Ramirez v. Tifaret Disc., Inc.*,
  No. 22-10489, 2023 WL 6318616 (S.D.N.Y. Sept. 28, 2023) ...................................................4

*Ramirez v. Urion Constr. LLC*,
  674 F. Supp. 3d 42 (S.D.N.Y. 2023) .........................................................................................7


*Rogers v. City of Troy, N.Y.*,
   148 F.3d 52 (2d Cir. 1998)..................................................................................1, 4, 5, 6, 7, 8

*Rosenbaum v. Meir*,
   658 F. Supp. 3d 140, 147 (E.D.N.Y. 2023) ..............................................................................9

*Sarit v. Westside Tomato, Inc.*,
   No. 18-11524, 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) ...................................................9

*StreetEasy, Inc. v. Chertok*,
   730 F. App'x 4 (2d Cir. 2018) ..................................................................................................3

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
   127 F. Supp. 3d 156 (S.D.N.Y. 2015)....................................................................................10

**Statutes**

NYLL § 190(7) .................................................................................................................................10

NYLL § 191.............................................................................................................................1, 2, 6, 8, 9

NYLL § 191(1)(a) ......................................................................................................................2, 8, 10

NYLL § 191(1)(a)(ii) .......................................................................................................................8

NYLL § 191(1)(d) ............................................................................................................................10

Tex. Lab. Code Ann. § 61.011 .........................................................................................................8

Tex. Lab. Code Ann. § 61.012 .........................................................................................................8

**Other Authorities**

https://dol.gov/agencies/whd/state/payday ...................................................................................10

https://dol.ny.gov/system/files/documents/2025/05/monthlyreportinternet.pdf............................10

I.      INTRODUCTION

The Court erred when it held that Plaintiffs state a claim for prompt payment under the Fair Labor Standards Act ("FLSA").

First, the Court erred by not determining whether Plaintiffs satisfied their burden under the binding test established in *Rogers v. City of Troy, N.Y.*, 148 F.3d 52 (2d Cir. 1998).  Plaintiffs fail to allege any facts addressing the Second Circuit's test, which considers whether an employer's pay schedule: "(a) is made for a legitimate business reason; (b) does not result in an unreasonable delay in payment; (c) is intended to be permanent; and (d) does not have the effect of evading the FLSA's substantive minimum wage or overtime requirements." *Id.* at 58.  When examined under this framework, Plaintiffs' claim must be dismissed.

Second, Plaintiffs' FLSA claim rests on a single, legally insufficient allegation: "Weekly pay for manual workers is an objective standard for prompt payment."  (Compl., ¶ 64.)  Plaintiffs suggested for the first time at the hearing that their FLSA claim does not turn entirely on their allegation that they are manual workers under Section 191 of the New York Labor Law ("NYLL").  The Court credited that assertion even though the Complaint does not allege any other basis for their FLSA claim.  This too is clear error.  Plaintiffs cannot satisfy *Twombly/Iqbal* based on speculation about allegations they *might* later assert.

Third, allowing Plaintiffs' federal claim to proceed based solely on their allegation that *some* manual workers in one state, New York, must be paid weekly, conflicts with the FLSA's goal of establishing a "uniform national policy" for paying wages.  *Rogers*, 148 F.3d at 57 (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 741 (1981)).  Plaintiffs have not alleged any basis for their FLSA claim *except* that they are manual workers under New York law, so the Court must have concluded that this is sufficient to state a claim for prompt payment under the FLSA.  Under the Court's reasoning, the FLSA would require different standards for

employees performing the same job duties, for the same pay (paid on the same schedule), for the same employer, if those employees happen to work in different states. This is clear error.

Fourth, the Court overlooked objective data, including that Section 191 allows large employers to pay manual workers bimonthly and that the vast majority of states allow workers to be paid at least bi-weekly, which should have resulted in dismissal under the Court's analytical framework. The Court found that state law is one factor that may be considered to determine whether Plaintiffs state a prompt payment claim under the FLSA. (Tr. 19:18-25.) As a general proposition, state law may be relevant if it informs an element of the four-part *Rogers* test. But Plaintiffs have failed to establish that a violation of Section 191 in particular, supports, let alone is sufficient to state, a FLSA prompt payment claim. Rather, state law confirms that Southwest's practice is objectively reasonable. Most states, including New York, permit non-exempt employees to be paid on a biweekly or bimonthly basis. Moreover, New York permits hundreds of private employers to pay manual workers *bimonthly*. *See* NYLL § 191(1)(a). The Court denied Southwest the opportunity to present this data, which supports that Plaintiffs cannot state an FLSA claim based solely on Section 191.

For these reasons, the Court should grant Southwest's motion for reconsideration and dismiss Plaintiffs' FLSA claim. In the alternative, Southwest requests that the Court reconsider its decision to deny Southwest's motion to dismiss without the benefit of full briefing and grant Southwest an opportunity to fully brief the issues presented.

## II.     LEGAL STANDARD

A motion for reconsideration "may be granted: (1) if the court overlooked critical facts; (2) if it overlooked controlling decisions that could have changed its decision; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice." *Best v. Schneider*, No. 12-6142, 2015 WL 13824726, at *1

(E.D.N.Y. Nov. 6, 2015) (citation omitted). Grounds for reconsideration "might reasonably be expected to alter the conclusion reached by the court." *Mir v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014). On a motion for reconsideration, "the moving party [cannot] seek[] solely to relitigate an issue already decided" or "advance new facts, issues or arguments not previously presented to the Court." *Id*. at 50; *ImageProcessing Techs., LLC v. Canon Inc*., No. 10-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) (citation omitted).

In its pre-motion letter, Southwest asserted that Plaintiffs failed to state a FLSA claim because the FLSA is not a mechanism to enforce a state-law requirement and does not impose a specific deadline for paying wages. (ECF No. 11 at 3.) Southwest also noted that Plaintiffs do not allege they are owed any wages, and that Plaintiffs concede that Southwest paid all wages promptly pursuant to their agreement. *Id.* Southwest articulated its basis for moving to dismiss Plaintiffs' FLSA claim in its pre-motion letter, but in neither the letter nor argument had a full opportunity to articulate the full contours of the argument.

### III.   ARGUMENT

Plaintiffs' FLSA claim consists of one assertion: "Weekly pay for manual workers is an objective standard for prompt payment." (Compl., ¶ 64.) The Court committed clear error by holding that this allegation is sufficient to state a claim under the FLSA. (Tr. 19:7-20:17.)

#### A.   The Court Committed Clear Error by Not Applying the *Rogers* Test.

"Whether the prompt payment requirement of the FLSA has been violated must be determined by reference to objective standards. In general, the prompt payment requirement is not violated when an employer changes the pay schedule, provided that the change: (a) is made for a legitimate business reason; (b) does not result in an unreasonable delay in payment; (c) is intended to be permanent; and (d) does not have the effect of evading the FLSA's substantive minimum wage or overtime requirements." *Rogers*, 148 F.3d at 58.

3

The Court correctly acknowledged that *Rogers* governs Plaintiffs' claims (Tr. 19:12-17), but did not apply the Second Circuit's test. The Court apparently did so based on its conclusion that "*Rogers* leaves open the possibility that a state law like the New York labor law[] can constitute the kind of objective factor which can demonstrate under [the] FLSA wages were not paid promptly." (*Id.* at 19:22-24.) But there is no support in *Rogers* for the proposition that *this one factor* (or any one factor) somehow trumps or dispenses with a court's obligation to analyze prompt payment claims under the Second Circuit's test. There is a difference between merely identifying one possible factor to consider and alleging sufficient facts to state a claim under *Rogers*. Even if Plaintiffs have done the former, they haven't done the latter.

Neither Plaintiffs nor the Court have cited any controlling law holding that Plaintiffs can state a prompt payment claim under the FLSA without satisfying at least one element of the *Rogers* test. And for good reason: *Rogers* established a pleading standard. *Id.* at 55. The Second Circuit reversed the district court's decision only because the plaintiffs pled facts to satisfy at least some elements of the four-part test. *Id.* On a motion to dismiss, it is Plaintiffs' burden to plausibly allege that their bimonthly pay schedule violated at least one part of the *Rogers* test. *See, e.g.*, *McDonald v. H&M Fashion USA Inc.*, No. 24-2476, 2025 WL 744014, at *3 (S.D.N.Y. Mar. 6, 2025) ("Beyond their bare assertion that violating NYLL § 191 necessarily gives rise to an FLSA claim, Plaintiffs fail to allege any facts that would allow the Court to analyze their FLSA claim 'by reference to objective standards.'"); *Ramirez v. Tifaret Disc., Inc.*, No. 22-10489, 2023 WL 6318616, at *6 (S.D.N.Y. Sept. 28, 2023) (holding that plaintiff failed to state a prompt payment FLSA claim where plaintiff did not plead that "a change in his pay schedule . . . was not for a legitimate business reason or had the effect of evading minimum wage requirements") (each, citing *Rogers*, 148 F.3d at 58).

Plaintiffs have not met their burden. As to the first *Rogers* factor, Plaintiffs do not allege that Southwest lacks a legitimate business reason for paying wages bimonthly. There is no dispute that Southwest has paid Plaintiffs pursuant to the terms of collectively bargained agreements. As to the second factor, Plaintiffs do not allege any facts showing that Southwest "unreasonably" delayed payment. Nor could they. In *Rogers*, the employer *breached* the parties' longstanding agreement by switching from an unlagged weekly pay schedule to a lagged biweekly pay schedule (*i.e.*, a schedule similar Plaintiffs'). 148 F.3d at 58. The Second Circuit found this timing to be objectively reasonable:

> [T]he plaintiffs' own failure to argue that they are entitled to double wages for the whole six month period during which they were paid their full wages one week or two weeks late [as measured by the parties' contract requiring next-day payment], suggests that they themselves are not convinced by the logic of the position they maintain. **In fact, to grant double payments for that whole time *would* be absurd**.

*Id.* at 59 n.6 (bold emphasis added). Here, it would be particularly "absurd" to conclude that the eight-day difference between Plaintiffs' bimonthly schedule and their proposed weekly schedule is "an unreasonable delay" since Plaintiffs do not allege that Southwest even once missed Plaintiffs' regular pay date. *See Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12-5565, 2018 WL 1513628, at *14 (E.D.N.Y. Mar. 27, 2018), *as amended* (Mar. 29, 2018) (finding that payments within two weeks of employees' regular pay day were not unreasonably delayed under FLSA). In *Rogers*, the Second Circuit suggested that, while not dispositive, complying with contractual paydays weighs against finding a FLSA prompt payment requirements violation. 148 F.3d at 57 n.4. As to the third *Rogers* factor, Plaintiffs do not allege that Southwest's practice of paying bimonthly is not permanent. Finally, Plaintiffs do not allege that receiving bimonthly pay has the effect of evading the FLSA's or NYLL's minimum wage or overtime requirements. Given

5

Plaintiffs' failure to satisfy any part of the *Rogers* test, denying Southwest's motion was clear error.

### B. The Court Erroneously Relied on Allegations Not Pled in the Complaint.

The Court denied Southwest's motion after crediting Plaintiffs' assertion that their FLSA claim does not rise and fall based on their NYLL claim. (Tr. 20:11-17) ("[P]laintiff's counsel indicated that that is not the sole basis on which their FLSA claim grafts. They are not alleging that the 191 violation is dispositive of and that's the only basis for a FLSA claim. They are saying in the alternative it is one objective factor to be analyzed."). Except Plaintiffs have not alleged any other basis for their FLSA claim. (*See* Compl., ¶¶ 2, 64.) "The standard on a motion to dismiss is not speculation as to what discovery will reveal, but rather, the sufficiency of the allegations set forth in the Complaint." *Dellate v. Great Neck Union Free Sch. Dist.*, No. 09-2567, 2010 WL 3924863, at *8 (E.D.N.Y. Sept. 30, 2010), *aff'd sub nom.*, 448 F. App'x 164 (2d Cir. 2012), *as amended* (Jan. 24, 2012). The Court committed clear error by permitting Plaintiffs' claim to proceed based on speculation about allegations they might later assert. *Id.*

### C. Denying Southwest's Motion Based on Plaintiffs' Allegation That They Are Manual Workers Under the NYLL is Clear Error.

Relying on a single District Court decision, the Court stated that "numerous courts have found defendants to have violated the FLSA by failing to issue prompt payment pursuant to New York Labor Law 191." (Tr. 20:2-6). However, *Cooke v. Frank Brunckhorst Co., LLC*, 734 F. Supp 3d 206 (E.D.N.Y. 2024), failed to apply the *Rogers* test and conflicts with the FLSA. The Court erred by allowing Plaintiffs' federal claim to proceed based solely on their allegation that they are manual workers under New York law.

*Cooke* does not apply the *Rogers* test. *See* 734 F. Supp. 3d at 215. Bypassing *Rogers*, the court held that the "[p]laintiff has adequately alleged that the [d]efendant may be liable under the

6

FLSA's prompt payment requirement" based on plaintiff's allegation that he was a manual worker under the NYLL.  *Id.*  As explained in *McDonald*, the patchwork theory endorsed by *Cooke*'s superficial analysis does not state a cognizable claim under the FLSA.  2025 WL 744014, at *2.  To begin, "[c]ourts generally assume that when Congress enacts a statute, it 'is not making the application of the federal act dependent on state law' unless there is 'a plain indication to the contrary.'" *Id.* (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 43 (1989)).  "[F]ederal statutes are generally intended to have uniform nationwide application." *Holyfield*, 490 U.S. at 43.  The FLSA "'was not designed to codify or perpetuate [industry] customs and contracts' but 'to achieve a uniform national policy' in terms of wages and hours.'" *Rogers*, 148 F.3d at 57 (citation omitted).  Generally speaking, the FLSA does not automatically incorporate state law requirements.  *See Hernandez v. La Cazuela de Mari Rest., Inc.*, No. 06-1565, 2007 WL 9719347, at *6 (E.D.N.Y. Mar. 2, 2007) (collecting cases).  And, relevant here, the FLSA does not incorporate state law pay frequency requirements.  *See Ramirez v. Urion Constr. LLC,* 674 F. Supp. 3d 42, 49 (S.D.N.Y. 2023) (recognizing that "frequency of payments" is a "claim[] under the NYLL for which there is no FLSA parallel"); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 333 (S.D.N.Y. 2009) (rejecting argument that failing to pay manual laborers weekly "to comply with a state-mandated pay period" violates the FLSA).

      The flaws in *Cooke*'s analysis are clear.  "[T]he FLSA itself does not have a weekly payment requirement for manual laborers." *Pineda v. Big City Realty Mgmt., LLC*, No. 22-5428, 2024 WL 5146068, at *6 (E.D.N.Y. Dec. 17, 2024).  The concept of "manual workers" simply does not exist under the FLSA.  Instead, the FLSA distinguishes between exempt and non-exempt employees.  The reasoning adopted in *Cooke* and by this Court results in a dispositive standard that has no basis in the FLSA.  All things being equal, it would mean that a Ramp Agent employed

7

by Southwest in Texas, for example, could be paid bimonthly *under the FLSA* because state law permits it, Tex. Lab. Code Ann. §§ 61.011, 61.012, and because bimonthly pay "is one objective factor in the prompt payment inquiry." (Tr. 20:11). But, according to Plaintiffs, a Ramp Agent in New York must be paid weekly *under the FLSA*. That is not a uniform national policy.

Following *Cooke* leads to particularly nonsensical results considering that Section 191 permits some employers to pay manual workers bimonthly. *See* NYLL § 191(1)(a) (providing "that a manual worker employed by an employer authorized by the commissioner pursuant to subparagraph (ii) of this paragraph [governing large New York employers] or by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, *but not less frequently than semi-monthly*") (emphasis added). So *Cooke* does not yield even a uniform *state* policy. The FLSA's test for prompt payment would change depending on the employer, even if employees perform the same duties, for the same pay, on the same pay schedule, in the same state. Under Section 191, employers of union employees must obtain the union's consent to obtain an exemption for bimonthly pay. *See* NYLL § 191(1)(a)(ii). Stated differently, an employer might comply (or not) with Section 191 depending on the union's agreement. *Rogers* rejected this type of contractual litmus test. *See* 148 F.3d at 57 ("[T]o link the statutory obligations under the FLSA to the parties' collective bargaining agreement would be contrary to the whole thrust of the statute").

The court in *Cooke* justified its position by observing that there "[t]here is no indication . . . that Congress intended on subjecting every employer and employee governed by the FLSA to a bi-weekly payment regime." 734 F. Supp. 3d at 216. But that misses the point. Southwest does not argue that the FLSA requires every employer to pay bimonthly or biweekly. One cannot credibly conclude that Congress intended for the FLSA to require different pay schedules for an

8

employee depending on their state of employment, even if they perform the same job duties, for the same employer, for the same pay.

The cases cited in *Cooke* do not support the proposition quoted by the Court. *See McDonald*, 2025 WL 744014, at *3 (explaining that *Cooke* relies on inapposite decisions that "either involve reference to objective standards of failure to make prompt payment" as set forth in *Rogers* or "do not assess a plaintiff's prompt payment claims under the FLSA"). One case *does not even address a prompt payment claim under the FLSA*. *See Anzures v. Maredin Rest. Corp.*, No. 22-2798, 2024 WL 1376812, at *3 (E.D.N.Y. Jan. 24, 2024). Contrary to *Cooke's* suggestion, *none of the decisions it cites relied solely on Section 191 to find a violation of the FLSA*, each involved FLSA violations independent of the NYLL, and all applied *Rogers*. *See Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 147 (E.D.N.Y. 2023) (holding that employer's failure to pay overtime violated the FLSA's prompt payment requirement); *Beh v. Cmty. Care Companions Inc.*, No. 19-1417, 2021 WL 3914297, at *4 (W.D.N.Y. Feb. 1, 2021) (allowing party to assert FLSA claim when defendants "occasionally deviated from [their pay frequency] policy without any business justification"); *Sarit v. Westside Tomato, Inc.*, No. 18-11524, 2020 WL 1891983, at *5-6 (S.D.N.Y. Apr. 16, 2020) (holding that plaintiff stated FLSA prompt payment claim where employer regularly deferred and missed payroll).

**D.    The Court Overlooked State Law Supporting Southwest's Pay Frequency.**

Even if the Court were to look to state law as one factor in its analysis under *Rogers*, the Court overlooked objective data that should have resulted in dismissal. (Tr at 19:22-24.) According to information published by the U.S. Department of Labor, [1] most states, including New York,

---

[1] *See* https://dol.gov/agencies/whd/state/payday (last accessed May 6, 2025). Only Connecticut requires all employees to paid weekly, and even there an employer may apply to the state labor commission for an exemption. *Id.*

9

expressly permit some or all non-exempt employees to be paid at least biweekly. *See* NYLL §§ 190(7), 191(1)(d) (providing that non-exempt "clerical and other worker[s]" may be paid semimonthly). In New York, manual workers employed by no less than two hundred private employers may be paid on at least a biweekly basis. *See* NYLL § 191(1)(a).[2] The Court did not consider this data. Given that (1) the FLSA does not recognize "manual workers"; (2) most states permit biweekly or bimonthly pay; and (3) New York permits employees classified as non-exempt under the FLSA, including many manual workers, to be paid on a semimonthly basis, Plaintiffs have not alleged that Southwest's semimonthly pay frequency was "unreasonable" under *federal* law.

## IV.  CONCLUSION

Southwest respectfully requests that the Court grant Southwest's motion for reconsideration and dismiss Plaintiffs' second cause of action, or, in the alternative, permit Southwest to fully brief a motion to dismiss Plaintiffs' FLSA claim.

Dated: New York, New York
       May 7, 2025

Respectfully submitted,

/s/ *Jason D. Burns*
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

---

[2] *See* https://dol.ny.gov/system/files/documents/2025/05/monthlyreportinternet.pdf (last accessed May 7, 2025). The Court may take judicial notice of information presented on governmental agencies' websites. *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015).

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2025, a copy of the foregoing was filed through the Court's CM/ECF which will, in turn, send a notice of electronic filing to all counsel of record.

                                                                  */s/ Jason Burns*