UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD STRAIN and DAVID GARNER, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>DEFENDANT | Case No. 2:24-cv-8885-SJB-SLT |

### DEFENDANT SOUTHWEST AIRLINES CO.'S ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant Southwest Airlines Co. ("Southwest"), by its undersigned attorneys, hereby answers the Class Action Complaint filed by Plaintiffs Richard Strain and David Garner (collectively "Plaintiffs"), as follows:

### INTRODUCTION

1. Southwest denies the allegations in Paragraph 1 of the Complaint, except to admit that Section 191 of the New York Labor Law ("NYLL") may require some employees to be paid on a weekly basis.

2. Southwest denies the allegations in Paragraph 2 of the Complaint.

3. Southwest denies the allegations in Paragraph 3 of the Complaint, except to admit that Plaintiffs seek liquidated damages and denies that Plaintiffs are entitled to liquidated or other damages under the NYLL or the Fair Labor Standards Act ("FLSA").

1

## JURISDICTION AND VENUE

4. Southwest denies the allegations in Paragraph 4 of the Complaint, except to admit that Plaintiffs have alleged a claim under the FLSA that provides for federal question jurisdiction under 28 U.S.C. § 1331.

5. Southwest denies the allegations in Paragraph 5 of the Complaint, except to admit that the amount placed in controversy by at least one named Plaintiff exceeds the jurisdictional minimum and, upon information and belief, Southwest and at least one named Plaintiff are citizens of different states.

6. Southwest denies the allegations in Paragraph 6 of the Complaint.

7. Southwest denies the allegations in Paragraph 7 of the Complaint, except to admit that the Eastern District of New York has personal jurisdiction over Southwest in this matter.

8. The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Southwest denies that Plaintiffs are entitled to any declaratory or other relief as alleged in the Complaint.

9. Southwest denies the allegations in Paragraph 9 of the Complaint.

## THE PARTIES

**Plaintiffs**

10. Southwest denies the allegations in Paragraph 10 of the Complaint, except to admit, upon information and belief, that Richard Strain ("Mr. Strain") resides in New York, that Mr. Strain is employed by Southwest as a ramp agent in Islip, New York, and that Mr. Strain may, among other duties, sometimes load baggage and cargo onto Southwest planes.

11. The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Southwest admits that it has employed Mr. Strain.

12. Southwest denies the allegations in Paragraph 12 of the Complaint.

13. Southwest denies the allegations in Paragraph 13 of the Complaint, except to admit, upon information and belief, that David Garner ("Mr. Garner") resides in New York, that Mr. Garner is employed by Southwest as a ramp agent in Buffalo, New York, and that Mr. Garner may, among other duties, sometimes load baggage and cargo onto Southwest planes.

14. The allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Southwest admits that it has employed Mr. Garner.

15. Southwest denies the allegations in Paragraph 15 of the Complaint.

**Defendant**

16. Southwest admits the allegations in Paragraph 16 of the Complaint.

17. Southwest denies the allegations in Paragraph 17 of the Complaint.

18. Southwest admits the allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Southwest admits that it is an "employer" as to some individuals under the statutes cited and denies that it has violated either the NYLL or the FLSA as to Plaintiffs or any other putative class or collective action members.

20. Southwest admits that it has employed Mr. Garner and Mr. Strain. Southwest admits that Plaintiffs purport to seek to maintain their claims as a class and collective action, but denies that Plaintiffs are entitled to maintain their claims as a class or collective action and denies that Southwest is liable to Plaintiffs or to any other employee as alleged in the Complaint. As no class has been certified, Southwest denies that it employed "the class members."

## FACTUAL ALLEGATIONS

21. Southwest denies the allegations in Paragraph 21 of the Complaint, except to admit that it is an airline and operates as the locations identified in Paragraph 21.

22. Southwest denies the allegations in Paragraph 22 of the Complaint, except to admit that Southwest employs ramp agents and Plaintiffs agreed to bimonthly pay pursuant to the terms of their collective bargaining agreement (the "CBA").

23. Southwest admits that Mr. Strain works for Southwest at the Long Island MacArthur Airport in Islip, New York, and denies that Mr. Strain was hired as a ramp agent on or about June 6, 2008.

24. Southwest admits the allegations in Paragraph 24 of the Complaint.

25. Southwest denies the allegations in Paragraph 25 of the Complaint.

26. Southwest denies the allegations in Paragraph 26 with respect to alleged class members as no class has been certified, and admits that Plaintiffs may, among other duties, sometimes load baggage and cargo on and off of Southwest planes that travel at some point to states other than New York.

27. Southwest denies the allegations in Paragraph 27 of the Complaint.

28. Southwest denies the allegations in Paragraph 28 of the Complaint, except to admit that Plaintiffs agreed to bimonthly pay pursuant to the terms of their CBA.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Southwest denies the allegations in Paragraph 30 of the Complaint.

31. Southwest denies the allegations in Paragraph 31 of the Complaint.

32. Southwest denies the allegations in Paragraph 32 of the Complaint.

33. Southwest denies the allegations in Paragraph 33 of the Complaint.

34. Southwest lacks sufficient knowledge or information to respond to the allegations in Paragraph 34 of the Complaint and, on that basis, denies the allegations in Paragraph 34 of the Complaint.

35. Southwest denies the allegations in Paragraph 35 of the Complaint.

36. Southwest denies the allegations in Paragraph 36 of the Complaint.

37. Southwest denies the allegations in Paragraph 37 of the Complaint.

**CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23
AND THE NEW YORK LABOR LAW**

38. Southwest denies the allegations in Paragraph 38 of the Complaint, except to admit that Plaintiffs purport to seek to maintain their claims as a class or collective action. Southwest denies that Plaintiffs are entitled to maintain their claims as a class or collection action and denies that Southwest is liable to Plaintiffs or to any other employee as alleged in the Complaint.

39. Southwest denies the allegations in Paragraph 39 of the Complaint.

40. Southwest denies the allegations in Paragraph 40 of the Complaint, except to admit that Plaintiffs purport to seek to maintain their claims as a class or collective action. Southwest denies that Plaintiffs are entitled to maintain their claims as a class or collection action and denies that Southwest is liable to Plaintiffs or to any other employee as alleged in the Complaint.

41. Southwest denies the allegations in Paragraph 41 of the Complaint.

42. Southwest denies the allegations in Paragraph 42 of the Complaint.

43. Southwest denies the allegations in Paragraph 43 of the Complaint.

44. Southwest denies the allegations in Paragraph 44 of the Complaint.

45. Southwest denies the allegations in Paragraph 45 of the Complaint.

46. Southwest denies the allegations in Paragraph 46 of the Complaint.

47. Southwest denies the allegations in Paragraph 47 of the Complaint.

48. Southwest denies the allegations in Paragraph 48 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

49. Southwest denies the allegations in Paragraph 49 of the Complaint, except to admit that Plaintiffs purport to seek to maintain their claims as a class or collective action. Southwest denies that Plaintiffs are entitled to maintain their claims as a class or collection action and denies that Southwest is liable to Plaintiffs or to any other employee as alleged in the Complaint.

50. Southwest denies the allegations in Paragraph 50 of the Complaint.

51. Southwest denies the allegations in Paragraph 51 of the Complaint.

52. Southwest denies the allegations in Paragraph 52 of the Complaint, except to admit that Southwest has employed Plaintiffs and that Plaintiffs purport to summarize and/or characterize some terms of the FLSA, which speak for themselves, and which state conclusions of law to which no response is required.

53. The allegations in Paragraph 53 of the Complaint refer to written documents attached to the Complaint, the terms of which speak for themselves and for which no response is required. Southwest denies that Plaintiffs are entitled to maintain their claims as a class or collection action.

**FIRST CAUSE OF ACTION**
**New York Labor Law — Failure to Pay Timely Wages**

54. Southwest restates and incorporates by reference the above paragraphs as if fully set forth herein.

55. Southwest denies the allegations in Paragraph 55, except to admit that Plaintiffs have been employed by Southwest in the state of New York. Southwest admits that Plaintiffs purport to seek to maintain their claims as a class or collective action, but denies that Plaintiffs are

entitled to maintain their claims as a class or collective action and denies that Southwest is liable to Plaintiffs or to any other employee as alleged in the Complaint.

56. Southwest denies the allegations in Paragraph 56 of the Complaint.

57. Southwest denies the allegations in Paragraph 57 of the Complaint, except to admit that NYLL § 191(1)(a) applies generally to Southwest to the extent applicable and to the extent that provision is not waived or preempted.

58. Southwest denies the allegations in Paragraph 58 of the Complaint.

59. Southwest denies the allegations in Paragraph 59 of the Complaint, except to admit that Plaintiffs agreed to bimonthly pay pursuant to the terms of their CBA.

60. Southwest denies the allegations in Paragraph 60 of the Complaint.

61. Southwest denies the allegations in Paragraph 61 of the Complaint.

## **SECOND CAUSE OF ACTION**
**Fair Labor Standards Act — Failure to Issue Prompt Payment**

62. Southwest restates and incorporates by reference the above paragraphs as if fully set forth herein.

63. The allegations in Paragraph 63 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Southwest denies that it violated the FLSA with respect to Plaintiffs or any other employee as alleged in the Complaint and denies that Plaintiffs are entitled to maintain their claims as a class or collective action.

64. The allegations in Paragraph 64 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Southwest denies that it violated the FLSA with respect to Plaintiffs or any other employee as alleged in the Complaint and denies that Plaintiffs have accurately and/or completely stated the law as applies to Plaintiffs' claims under the FLSA.

65. Southwest denies the allegations in Paragraph 65 of the Complaint, except to admit that Plaintiffs agreed to bimonthly pay pursuant to the terms of their CBA.

66. Southwest denies the allegations in Paragraph 66 of the Complaint.

67. Southwest denies the allegations in Paragraph 67 of the Complaint.

68. Southwest denies the allegations in Paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

Southwest denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief, including subparts a through i thereto, or to any other form of relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding it has the burden of proof, Southwest asserts the following defenses, including affirmative defenses. At this point, discovery in this action has not commenced, and as such, Southwest reserves the right to amend its answer as additional facts, issues, or defenses may be discovered, including all affirmative or other defenses it may have against putative class or collective group members. Moreover, although it is not necessary for Southwest to delineate any such defenses against putative class or collective group members at this time, and although Southwest opposes class and/or collective action certification and disputes the propriety of permitting Plaintiffs to assert their claims on behalf of others, if the Court certifies this case as a class or collective action over Southwest's objections, Southwest asserts the affirmative and other defenses set forth herein against each and every member of the certified class or collective group.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the facts Plaintiffs allege fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the applicable statute(s) of limitations bars them.

### THIRD DEFENSE

Plaintiffs' claims are barred because they have waived any purported right to weekly pay under NYLL § 191.

### FOURTH DEFENSE

Plaintiffs' claims under the NYLL are preempted by federal labor law.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged damages were caused by Plaintiffs' own negligence, failure to perform adequate due diligence, or other intervening or superseding causes of over which Southwest had no control, and which cannot therefore form the basis for any liability of Southwest.

### SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that they seek duplicative relief or amounts seeking more than a single recovery.

### SEVENTH DEFENSE

Plaintiffs and those allegedly similarly situated are not entitled to recover liquidated damages because Southwest has not willfully violated the FLSA, and there is a bona fide, good faith dispute with respect to the Company's obligation to pay any wages that may be found to be due. Accordingly, should liability be determined, which Southwest expressly denies, the Court should not award liquidated or punitive damages. 29 U.S.C. § 260.

### EIGHTH DEFENSE

9

Plaintiffs' claims are barred in whole or in part, because Southwest acted in good faith and have not intentionally or willfully violated any provision of the FLSA. Southwest's actions related to Plaintiffs' compensation and the compensation of putative collective group members were made in good faith and in conformity with, and reliance upon, the administrative regulations, orders, rulings or interpretations, and judicial interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor. 29 U.S.C. § 259.

## NINTH DEFENSE

The damages sought by Plaintiffs on behalf of the alleged class cannot be recovered without specific proof of injury and damage by each putative class member.

## TENTH DEFENSE

Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. Rule 23 and so cannot maintain their claims on a class basis.

## ELEVENTH DEFENSE

Plaintiffs cannot satisfy the requirements for collective treatment pursuant 29 U.S.C. § 201 *et seq.* and so cannot maintain their claims on a collective basis.

## TWELFTH DEFENSE

Plaintiffs and some or all of the putative class members cannot pursue claims as a collective or class action as they have waived their right to proceed as a class or collective action.

## THIRTEENTH DEFENSE

Plaintiffs' claims and/or the claims of putative class and collective action members are barred by applicable statutes of limitation, including contractual limitations.

WHEREFORE, Southwest requests that the Court dismiss Plaintiffs' Complaint with prejudice; that it enter judgment in favor of Southwest and against Plaintiffs on all counts; that it deny Plaintiffs' request to allow this case to proceed as a collective and class action; and that this Court award Southwest such other relief as it deems appropriate.

Dated:  New York, New York
       May 21, 2025

Respectfully submitted,

/s/ *Jason D. Burns*
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 21, 2025, a copy of the foregoing was filed through the Court's CM/ECF which will, in turn, send a notice of electronic filing to all counsel of record.

                                                 */s/ Jason Burns*